JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David G. Hamrick

## DEFENDANTS
Canadian West, Inc. dba Century Roofing

**(b)** County of Residence of First Listed Plaintiff: Cass, Missouri
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Wyandotte
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Garrett M. Hodes, Hodes Law Firm, LLC, 6 Victory Lane, Suite 6, Liberty, Missouri 64068 (816) 222-4338 / garrett@hodeslawfirm.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- [x] 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. 216(b)

Brief description of cause:
Failure to Pay Overtime as required by Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** In excess of $75,000.00
- CHECK YES only if demanded in complaint:
  **JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/22/2022
SIGNATURE OF ATTORNEY OF RECORD: /s/ Garrett M. Hodes

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| **DAVID G. HAMRICK,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**CANADIAN WEST, INC.,**<br>**d/b/a CENTURY ROOFING**<br><br>Please Serve:<br><br>Registered Agent:<br>Ray Mendoza<br>12980 Metcalf Avenue<br>Suite 305<br>Overland Park, Kansas 66213,<br><br>        **Defendant.** | Case No.<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff, David G. Hamrick, ("Plaintiff"), by and through his counsel, for his Complaint against Defendant Canadian West, Inc. d/b/a Century Roofing ("Century Roofing"), hereby states and alleges as follows:

## **PARTIES**

1. Plaintiff, David. G. Hamrick is over age 18 and an adult resident of Cass County, Missouri. Plaintiff was formerly employed by Defendant Century Roofing in Kansas City, Kansas.

2. Defendant Canadian West, Inc. d/b/a Century Roofing (Kansas Business Entity ID No. 1737675) is a Kansas corporation, with its principal place of business in Kansas City, Kansas. Defendant employed Plaintiff in the State of Kansas. Defendant Century Roofing can be served

through its registered agent, Ray Mendoza, 12980 Metcalf Avenue, Suite 305, Overland Park, Kansas 66213.

## JURISDICTION AND VENUE

3. The Fair Labor Standards Act ("FLSA") authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Plaintiff asserts a claim for violations of the FLSA below. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed in Kansas and the events giving rise to his claims occurred in this jurisdiction.

## FACTUAL ALLEGATIONS

5. Defendant employed Plaintiff as a security guard for its Kansas City, Kansas facility. Defendant terminated Plaintiff's employment effective November 6, 2022.

6. Since November 2018, Plaintiff worked as a security guard for Defendant for 90 hours a week, based on a uniform and consistent weekly schedule of 12 hours per day Monday through Saturday and 18 hours per day on Sunday.

7. During this time, Defendant failed to pay Plaintiff an hourly wage and/or any overtime for hours worked in excess of 40 hours per week and to which he was due.

8. Instead, during this time, although Plaintiff was employed as a security guard, Defendant misclassified Plaintiff as an exempt employee with the title "Executive Supervisor-Reroof." Plaintiff was not an executive, supervisory, or managerial employee and did not perform any roofing work.

9. Defendant intentionally and purposefully misclassified Plaintiff as an exempt employee in order to avoid payment of an hourly wage and overtime to him. Instead, Defendant paid Plaintiff a weekly wage totaling $1,400.00 at the time of his termination and did not pay a regular hourly rate or the required overtime premium of one and one-half times the applicable hourly rate, resulting in unpaid overtime wages owed to Plaintiff.

10. Defendant's conduct was willful in that Defendant intentionally and purposefully failed to pay Plaintiff for all hours worked and failed to pay overtime for all of the time worked in excess of 40 hours a week. Defendant also specifically instructed Plaintiff to not use its employee time clock in order to avoid recordkeeping of all hours Plaintiff worked for Defendant.

11. Defendant's willful failure to pay Plaintiff overtime for all hours worked in excess of 40 hours during all relevant work weeks throughout his employment and within the three-year period of time preceding the filing of this Complaint is in violation of the Fair Labor Standards Act, at 29 U.S.C. § 207.

### COUNT I: Violation of the Fair Labor Standards Act of 1938

12. Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs.

13. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq*.

14. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

15. Defendant Century Roofing is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

16. At all relevant times, Defendant has been, and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

17. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff.

18. Defendant was, and is, subject to the recordkeeping, minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce, and the production of goods for commerce, and its employees are engaged in commerce.

19. The FLSA requires employers, such as Defendant, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half the minimum wage, for work performed in excess of forty hours in a work week.

20. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. By its purposeful misclassification of Plaintiff as "Executive Supervisor- Reroof," Defendant sought to apply FLSA exemptions to Plaintiff that did not apply to Plaintiff. Accordingly, Defendant must be paid overtime pay in accordance with the FLSA.

21. Defendant Century Roofing violated the FLSA by failing to pay Plaintiff overtime for all time he worked in excess of forty hours per week. Plaintiff is entitled to damages equal to overtime premium pay for all time in excess of forty hours worked per week, which is 50 hours per week that Plaintiff is entitled to overtime.

22. Under the circumstances, and in light of Defendant's purposeful misclassification of Plaintiff as an exempt supervisory employee, as well as its specific instruction to Plaintiff to

not use the employee time clock, Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

23. As a result, thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the three-year period preceding the filing of this lawsuit.

24. Alternatively, should the Court find Defendant did not act willfully in failing to pay wages, Plaintiff is still entitled to an award of prejudgment interest at the applicable legal rate.

25. As a result of the aforesaid willful violations of the FLSA, wages and/or overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant Century Roofing is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendant and prays for compensatory damages; liquidated damages; attorneys' fees and costs; pre-judgment and post-judgment interest as provided by law; and such other relief as the Court deems fair and equitable.

## COUNT II: Unjust Enrichment

26. Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs.

27. Plaintiff conferred a benefit upon Defendant by working on its behalf without full compensation, including payment of accrued overtime pay.

28. Defendant had an appreciation or knowledge of the benefit and unpaid overtime conferred by Plaintiff and intentionally refused or failed to pay him overtime for the work Plaintiff performed for it.

29. Defendant knew or should know the proper rate of pay for Plaintiff and purposefully misclassified Plaintiff, demonstrating bad faith in its part.

30. Defendant accepted and retained the benefit of Plaintiff's unpaid overtime work under such circumstances as to make it inequitable and unjust for Defendant to retain the benefit of unpaid overtime without payment of its value.

WHEREFORE, Plaintiff demands judgment against Defendant and prays for compensatory damages, including unpaid accrued overtime, and such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the place of trial to be the United States District Court for the District of Kansas at Kansas City.

Dated: November 22, 2022              Respectfully Submitted,

                                      HODES LAW FIRM, LLC

                                      By: _____
                                          Garrett M. Hodes - KS. Bar. #19044
                                          6 Victory Lane, Suite 6
                                          Liberty, Missouri 64068
                                          (816) 222-4338 (Phone)
                                          (816) 931-1718 (Fax)
                                          garrett@hodeslawfirm.com

                                          ATTORNEY FOR PLAINTIFF